IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

QUENTRELL E. WILLIAMS,

    Plaintiff,

v.                               Case No. 15-C-0021

BRIAN FOSTER, A. ZIRBEL, MS. SCHWARTZ-OSCAR, HARRIS-FORBES, OFFICER HELMEID, LT. VANLANEN, AND CO BEBO,

    Defendants.

## DECLARATION OF CASSANDRA BAIER

    I, **CASSANDRA BAIER,** declare pursuant to 28 U.S.C. § 1746 and under the penalty of perjury, that the following is true and correct.

    1.    I make this declaration based on my own personal knowledge and review of institution records.

    2.    I am currently employed by the Wisconsin Department of Corrections ("DOC") as a registered nurse at Green Bay Correctional Institution ("GBCI"), a maximum security institution located in Green Bay, Wisconsin. I have held this position since November 2012.

    3.    Under the general supervision of Jeananne Zwiers, Health Services Manager, I am responsible for providing skilled nursing care to incarcerated adults in ambulatory settings. My skilled nursing duties include patient assessment and treatment, assisting the physician in providing medical services, management of medications, provisions of emergency care and maintenance of medical records. In

addition, I am expected to participate in education programs and activities to maintain my nursing skill level.

4. I understand that Plaintiff Quentrell Williams, #351385, alleges that on January 24, 2014, I refused to place him into clinical observation. (Amended Complaint, Dkt. #19.)

5. Any staff may place an inmate into control separation, but only staff specifically listed in DAI Policy # 500.70.24(1)(B) - Clinical Observation may place an inmate in clinical observation: "Psychologist Supervisors, Psychologists-Licensed, Psychological Associates, Crisis Intervention Workers, Physicians and Wardens."

6. Policy 500.70.24(I)(C) continues, if the staff listed in (I)(B) are not immediately available for consultation, then others including a Registered Nurse, Physician's Assistant, Security Director or Security Supervisor may place an inmate in clinical observation.

7. On January 24, 2014, at 6:15 pm, Dr. Michael Helmeid and Sgt. Schlosstein brought Mr. Williams to the Health Services Unit "HSU" complaining of arm pain and presenting with dried blood on his lips and around his mouth.

8. In front of security staff, Mr. Helmeid, and myself, Mr. Williams stated, "I will continue to bite my vein." Based on this, I understood a self-inflicted bite caused Mr. Williams' injury. I also noted this comment on the DOC 3639 form. A true and correct copy of DOC 3639 dated January 24, 2014, is attached as **Exhibit 1007.**

9. Based on his statements, I do not know if Mr. Williams was requesting to be placed in observation at that time or not. There was a PSU staff member present outside of the HSU in restricted status housing unit. I do not know if they overheard Mr. Williams' statements.

10. Per the Clinical Observation Policy 500.70.24 there was qualified staff present that could have placed the patient on clinical observation if they saw fit.

11. I identified a soft tissue wound approximately ½" long x ¼" wide with no active bleeding on the inside of Mr. Williams' left elbow.

12. I cleaned the wound, allowed it to air dry, and then applied bacitracin. I attempted to apply steri-strips but Mr. Williams refused.

13. I instructed Mr. Williams to keep the wound clean and dry, and to not bite his arm anymore. Mr. Williams said he understood the instructions I gave him.

14. According to HSU policy, I completed a DOC 3639, the Nursing Encounter Protocols.

15. I provided care to Williams based on my training and experience, within the standard of care for registered nurses in a correctional setting.


PURSUANT TO 28 U.S.C. § 1746, I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT BASED ON MY PERSONAL KNOWLEDGE.

Executed this eleventh day of March, 2016.

*/s/Cassandra Baier*
**CASSANDRA BAIER**